JOHN MILTON v. CHARLES STELL.

Argued November 9, 1905—Decided February 26, 1906.

An order of this court, setting aside a certain assessment brought before it by *certiorari* and directing a new assessment to be made, vacates only the particular apportionment under review and does not determine that the amount of the assessment on any individual's property should be set aside or reduced.

On appeal from District Court.

Before Justices DIXON, GARRISON and SWAYZE.

*Pro se, John Milton.*

For the defendant, *J. Merritt Lane.*

The opinion of the court was delivered by

DIXON, J. On April 17th, 1903, the defendant and several other persons entered into a written agreement with Messrs. Black & Drayton, attorneys of this court, in the following terms:

"We, the undersigned, owners of the property alleged to be liable for an assessment for the opening and improvement of Baldwin avenue, Jersey City, New Jersey, hereby authorize Messrs. Black & Drayton, counsel, to attack said assessment and to set the same aside, and we agree to pay said counsel fifteen per cent. of the amount of any assessment on our respective properties which may be set aside by the courts, or fifteen per cent. of any reduction thereof, if not entirely set aside. And in event of the courts not setting aside or reducing the assessment, the said counsel, Black & Drayton, shall receive no compensation whatsoever."

Thereupon the attorneys procured a *certiorari* to review the assessment mentioned in the agreement, and on June

16th, 1904, a judgment was entered upon that writ as follows:

"It is ordered that the assessments for the opening, extension and improvement of Baldwin avenue, in Jersey City, brought up by these writs should be set aside, and the commissioners directed to make a new assessment according to law, with costs to the prosecutors in said writs."

The question now before us is whether by force of these proceedings Messrs. Black & Drayton, who have assigned their claim to the plaintiff, became entitled to the fifteen per cent. provided for in the agreement.

We think they did not.

The word "assessment" is equivocal. It may mean either the act of apportioning the burden to be borne by the persons or property chargeable, or the particular burden assigned to each.

It is evident that in the agreement the word was used in the latter sense. This appears in the expressions "the amount of any assessment on our respective properties" and "any reduction thereof." The act of apportioning the burden was not an amount and was not capable of reduction. These terms could apply only to each owner's burden. But in the judgment above recited, the word "assessment" was used in the sense first mentioned. The court decided that the particular apportionment under review should be set aside, but that a new apportionment should be made. Whether the burden imposed on the several owners was too large or too small was a matter not determined by the judgment, and would not be determined until the new apportionment appeared.

We think the attorneys' right to compensation under this agreement will not accrue until an adjudication is made either that there should be no charge upon the defendant's property, or that the charge should be less than the original assessment indicated.

The judgment for the plaintiff must be set aside and the defendant may enter final judgment in his favor, with costs, under the act of April 3d, 1902, regulating District Court appeals.